UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES DOWELL,

    Plaintiff,

v.                                                    Case No: 5:25-cv-218-JSS-PRL

OFFICER GENE KING,

    Defendant.
_____/

**<u>ORDER</u>**

Plaintiff, a pro se federal prisoner, is proceeding on an amended complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] (Dkt. 5.) The court must screen Plaintiff's complaint. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, [] fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).

---

[1] A plaintiff can sue federal officials in their individual capacities under *Bivens* for violations of federal constitutional rights. *See Bivens*, 403 U.S. at 394–97.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must construe pro se complaints liberally, the complaint still "must allege factual allegations that 'raise a right to relief above the speculative level.'" *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)). The court will not accept legal conclusions or other conclusory statements as true. *See id.*

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officials for violations of the Fourth Amendment. *Bivens*, 403 U.S. at 394–97. The Court extended *Bivens* in only two other contexts: a Fifth Amendment equal protection claim for sex discrimination in employment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and an Eighth Amendment claim against federal prison officials for failure to provide medical treatment, *Carlson v. Green*, 446 U.S. 14, 19–23 (1980). Since deciding *Bivens*, *Davis*, and *Carlson,* the Supreme Court has "adopted a far more cautious course before finding implied causes of action[,]" and thus, "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 582 U.S. 120, 132, 135 (2017) (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). The Supreme Court "has made clear

that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 582 U.S. at 135 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry. First, courts "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136).

Plaintiff sues a correctional officer at the prison in which he is incarcerated for excessive force under the Eighth Amendment. (Dkt. 5 at 2.) Plaintiff alleges that Defendant kicked his foot while conducting a pat down causing his foot to bruise and swell. (*Id.* at 5.) The Supreme Court has never extended *Bivens* to an excessive force claim. *See Robinson v. Sauls*, 102 F.4th 1337, 1347 (11th Cir. 2024) ("declin[ing] to create an implied cause of action against task force members for use of excessive force[]"). Thus, this case presents a new *Bivens* context. The Federal Bureau of Prison's administrative remedy program provides an alternative remedy for Plaintiff's claim. *See Johnson v. Terry*, 119 F.4th 840, 859 (11th Cir. 2024). Expanding *Bivens* to this context, "would 'arrogate legislative power' and allow federal prisoners to bypass the grievance process put in place by Congress through the Executive Branch."

*See id.* at 862. Consequently, there are special factors counseling hesitation in extending *Bivens* to Plaintiff's claim.

Furthermore, even if Plaintiff's claim were cognizable under *Bivens*, he fails to state a claim of excessive force. Plaintiff is a prisoner and therefore must allege that Defendant applied force "maliciously and sadistically." *See Crocker v. Beatty*, 995 F.3d 1232, 1248 (11th Cir. 2021) (citation omitted). Plaintiff's claim that Defendant kicked his foot during a pat down, alone, does not allege malicious or sadistic behavior. *See Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'") (citation omitted); *Williams v. Radford*, 64 F.4th 1185, 1196 (11th Cir. 2023) ("unreasonable or unnecessary force does not necessarily constitute excessive force for purposes of the Eighth Amendment[]"). Although Plaintiff claims Defendant acted "maliciously and sadistically[,]" the court cannot accept his legal conclusion as true because he does not allege any facts to support it. *See Owens*, 602 F. App'x at 477.

Accordingly,

1. Plaintiff's amended complaint (Dkt. 5) is **DISMISSED without prejudice**. On or before **July 1, 2025**, Plaintiff may file a second amended complaint on the standard civil rights complaint form.

   a. To amend his complaint, Plaintiff should place the case number in this action on a blank civil rights complaint form and mark the form "Second Amended Complaint."

   b. The second amended complaint must be re-written in its entirety on the form and contain all claims for relief and must not refer to or incorporate the amended complaint because it will supersede the amended complaint.

2. If Plaintiff fails to file a second amended complaint within the time allotted, this order dismissing the amended complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. If Plaintiff wishes to amend his complaint and proceed with this action, he must either pay the $405 filing fee or file a signed financial certificate to support a motion to proceed in forma pauperis.

4. Plaintiff must advise the court of any change of address. <u>The failure to comply with this order will result in the dismissal of this case without further notice.</u>

5. The Clerk is **DIRECTED** to send Plaintiff a standard civil rights complaint form and a financial certificate.

**ORDERED** in Orlando, Florida, on June 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party